SMITH, Justice.
A bill to enforce the specific performance of an alleged contract to convey land was filed by appellant, J. R. Penick, Jr., against Joel A. Montgomery and Mary Lou Montgomery, his wife, owners of the land, and Houston State Bank, J. May and others, in the Chancery Court of Chickasaw County. A general demurrer to the bill, as finally amended, was sustained by the chancellor. Appellant declined to plead further and the bill was dismissed. From the decree dismissing the bill J. R. Penick, Jr., has appealed.
In brief, the bill alleges that the appel-lees owned certain land in Chickasaw County, that appellant Penick made an oral agreement with J. May, a real estate agent representing the Montgomerys, to purchase it, that a deed from the Montgomerys to him, mailed by their attorney to May at the Houston Bank, also enclosing a draft for $60,469.09, constituted an enforceable escrow agreement between Penick and the Montgomerys and irrevocably bound the latter to convey the land to Penick.
It is alleged that Penick’s attorney made an examination of the title and raised certain objections which were communicated by him to the Montgomerys’ attorney. Following a conversation between the attorneys with reference to the matter, Penick’s attorney wrote the attorney for the Mont-gomerys and enumerated in detail the sev *462 eral conditions, some involving litigation, which it would be necessary that the Mont-gomerys meet before he would recommend that Penick accept a deed to the land. It is not alleged that the Montgomerys’ attorney had authority, written or otherwise, to vary or alter the terms of the deed sent to J. May at the bank. In any event, he wrote Penick’s attorney, following the conversation with him, that his clients were unwilling to become involved as demanded and that the return of the deed and draft were being requested. The bill contains no allegation that Penick or his attorney made any effort to pay the draft or to demand delivery of the deed which had been mailed to J. May at the Houston Bank before its return was requested. Nor is it alleged that any tender was made by Penick until the present suit was begun.
Two main questions are involved. (1) Was the alleged “agreement” to convey invalid under the provisions of the statute of frauds, either because it was made by agents not authorized in writing by the Montgomerys, or because it was not evidenced by a sufficient written memorandum? (2) Was there an irrevocable escrow agreement?
The conclusion we have reached as to the second question makes it unnecessary to discuss the first.
The general rule as to escrows is that, in order to constitute an irrevocable escrow, there must be a valid contract between all of the parties as to the subject matter and delivery. If there is no such mutuality of agreement, the party making the delivery may recall the instrument. 28 Am.Jur.2d Escrow § 4 (1966). There is no allegation in Penick’s bill that he was a party to the transaction whereby the deed and draft were mailed by the Montgom-erys’ attorney to their agent, J. May, at the Houston Bank. At page 8, 28 Am.Jur. 2d Escrow section 4 (1966) it is said:
[Ujntil both parties have definitely assented to the contract, the instrument executed by the proposed grantor, though in form a deed, is neither a deed nor an escrow.
Also, at page 12, 28 Am.Jur .2d Escrow section 4 (1966) it is said:
[TJhe deposit of an instrument' by one party alone without the agreement of the other party or parties will not constitute the instrument an escrow.
The bill in the present case attaches as exhibits copies of correspondence between the attorneys for the respective parties. The. letter from Penick’s attorney addressed to the attorney for the Montgomerys removes any doubt that the terms and conditions under which he would recommend that his client accept a deed had not been agreed upon by the parties and contemplated substantially more than payment of the draft and acceptance of the deed according to its terms. It is clear from the bill, and its controlling exhibits, when the deed was recalled, the matter had not been finalized but was in a state of negotiation.
The question here involved was examined recently by this Court in Carter v. Hurst, 234 So.2d 616, 620 (Miss.1970), wherein the authorities were collated. In Carter, the deed had been executed and sent to the grantors’ attorney. This Court said:
Further, there was no delivery of the deed to Carter. Hawkins was not an independent escrow agent; he was the attorney for defendants. In this instance, Hawkins was the depositary solely for the grantors, and not the grantee. His authority was revoked by his clients, the grantors, before Carter made a tender of the consideration and demanded the deed.
In the case now before us, the unilateral delivery of the deed by the Montgomerys to their attorney, who in turn mailed it to their agent at the bank with a draft, was not a delivery to Penick. The deed remained in the hands of their agents, none of whom represented or were acting for Penick. The Montgomerys had the right, while the deed remained in the hands of their agents and *463 before Penick had tendered payment of the draft or demanded its delivery, to have it returned. It is clear from the allegations of fact contained in the bill, and from the controlling exhibits, that this is what occurred and that there was no irrevocable or enforceable escrow. The demurrer was properly sustained and the decree appealed from should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.